United States District Court
Southern District of Texas
**ENTERED**
October 12, 2017
David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **EDNA CARTER,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. B: 16-251** |
| | § | |
| **BURLINGTON COAT FACTORY** | § | |
| **WAREHOUSE OF BROWNSVILLE I** | § | |
| **& BURLINGTON COAT FACTORY OF** | § | |
| **TEXAS, L.P.,** | § | |
| **Defendants.** | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On May 24, 2016, Plaintiff Edna Carter ("Carter") filed a complaint in the 404th District Court in Cameron County, Texas, asserting a claim of premises liability against Defendants Burlington Coat Factory Warehouse of Brownsville I & Burlington Coat Factory of Texas, L.P. (collectively "Burlington").[1]  Dkt. No. 1-2.  Carter alleges that she slipped on a sticky substance on the store's floor, causing injuries. Id.

On September 7, 2017, Burlington filed a motion for summary judgment, which is currently before the Court. Dkt. No. 13.  Carter timely filed a response and Burlington filed a reply brief. Dkt. Nos. 14, 15, 16.

After reviewing the record and the relevant case law, the Court recommends that the motion for summary judgment be granted. Carter has not shown a genuine dispute of material fact as to her premises liability claim.

---

[1] The Defendants allege that "Burlington Coat Factor Warehouse of Brownsville I" does not exist as a legal entity "because it was merged into Burlington Coat Factory of Texas, L.P. in 2006." Dkt. No. 1, p. 1.  It does not appear that Carter has challenged this assertion.  For the sake of consistency, the Court will interchangeably refer to these entities as "Burlington."

## I. Background

### A. Factual Background

On May 31, 2014, Carter went to Burlington to go shopping with Hortenica Lamas, a friend; Carter said they "were just killing time." Dkt. No. 13-1, p. 16.  Carter arrived at the store around 7:00 p.m. Id.  While at Burlington, Carter says that she "found something I liked that I wanted to try on" and started walking towards Lamas, who was shopping in a different department. Id, p. 18.

As Carter was walking, she "started slipping" and "fell." Dkt. No. 13-1, p. 18.  Carter testified that when she fell, she landed on something that was "sticky and wet." Id, p. 21.  When asked what color it was, she said, "the liquid had to have been white." Id.  When asked if the substance was transparent, Carter replied "Yes."  Id, p. 22.  Carter also admitted that "you wouldn't have been able to see it[,]" i.e. the substance, on the floor. Id.  When asked if "anyone at Burlington Coat Factory knew that the substance was on the floor before you fell," Carter replied, "I don't know that, sir." Id.  When asked if anyone at Burlington told her "that they knew that substance was there and they should have cleaned it up," Carter replied, "No." Id.  Carter testified that the substance was a table length away from the dressing room. Dkt. No. 14-1, p. 62.

Carter says that the fall injured her right arm and her neck. Dkt. No. 13-1, p. 23.  On May 28, 2015, Carter had surgery on her right shoulder to address a shattered rotator cuff. Id, p. 24.

In an affidavit, Lamas testified that "it appeared that the substance was on the floor for an extended period of time," but provides no facts in support of this conclusion, nor does she state why she believed this. Dkt. No. 15.

### B. Procedural Background

On May 24, 2016, Carter filed a complaint in the 404th District Court in Cameron County, Texas, asserting a claim of premises liability against Burlington.  Dkt. No. 1-2.  It also appears that she raised a claim of general negligence. Id.  Carter sought damages for

medical expenses, physical pain, mental anguish, physical impairment, costs, and interest. Id, pp. 5-6.  Carter pled that she sought damages of "over $100,000 but not more than $200,000." Id, p. 6.

On September 6, 2016, Burlington was served with a copy of the petition. Dkt. No. 1, p. 1.

On September 26, 2016, Burlington timely removed the case to this Court on the basis of diversity jurisdiction. Dkt. No. 1.  No party challenges jurisdiction in this Court. Dkt. No. 5, p. 2.

On September 7, 2017, Burlington filed a motion for summary judgment. Dkt. No. 13. In its motion, Burlington argued that there is no genuine dispute of material fact as to whether Burlington had actual or constructive knowledge of any dangerous conditions on their premises. Id.  Burlington also asserted that the general negligence claim failed as a matter of law.

On September 20, 2017, Carter timely filed a response to the motion for summary judgment. Dkt. No. 14.  Carter asserted that there was a genuine dispute of material fact as to whether Burlington had constructive knowledge of the dangerous condition on the floor. Id.  Carter did not address any arguments relating to the general negligence claim.

On September 29, 2017, Burlington timely filed a reply brief. Dkt. No. 16.

## II. Applicable Law

### A. Diversity Jurisdiction

As relevant here, federal courts have jurisdiction over civil actions where (1) "the matter in controversy exceeds the sum or value of $75,000;" and, (2) the action is between citizens of different States. 28 U.S.C. § 1332(a)(1).  In her complaint, Carter seeks damages in excess of $100,000. Dkt. No. 1-1.  Furthermore, Carter is a citizen of Texas and Burlington is a Delaware corporation. Dkt. No. 1.  No party disputes these facts.  Diversity jurisdiction is clear in this case.

"Because federal jurisdiction in this case is based on diversity of citizenship, the court

3

must apply Texas law when determining substantive issues." <u>Finnicum v. Wyeth, Inc.</u>, 708 F. Supp. 2d 616, 619 (E.D. Tex. 2010) (referencing <u>Foradori v. Harris</u>, 523 F.3d 477, 486 (5th Cir. 2008)). "If no state court decisions control, [a federal court] must make an 'Erie[2] guess' as to how the Texas Supreme Court would apply state law." <u>Beavers v. Metro. Life Ins. Co.</u>, 566 F.3d 436, 439 (5th Cir. 2009) (footnote added).

The Court, sitting in diversity jurisdiction, will apply Texas substantive law in this case.  That being said, the motion for summary judgment will be decided using the procedures established by FED. R. CIV. P. 56. <u>Barrett Computer Services, Inc. v. PDA, Inc.</u>, 884 F.2d 214, 217 n 3 (5th Cir. 1989); <u>C.R. v. American Institute for Foreign Study, Inc.</u>, 2013 WL 5157699, *3 (W.D. Tex. 2013) (unpubl.).

### B. Summary Judgment

Summary judgment is appropriate when the moving party has established that the pleadings, depositions, answers to interrogatories, admissions, and affidavits – if any – demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).  A genuine issue is "real and substantial, as opposed to merely formal, pretended, or a sham." <u>Bazan v. Hidalgo Cnty.</u>, 246 F.3d 481, 489 (5th Cir. 2001).  A material fact is one that might influence the outcome of the suit. <u>Id</u>.  Accordingly, a "genuine issue of material fact exists where evidence is such that a reasonable jury could return a verdict for the non-movant." <u>Piazza's Seafood World, L.L.C. v. Odom</u>, 448 F.3d 744, 752 (5th Cir. 2006).

If "the nonmoving party will bear the burden of proof at trial on a dispositive issue," then "a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986).

---

[2] <u>Erie Railroad Co. v. Tompkins</u>, 304 U.S. 64 (1938).

4

"If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." Norwegian Bulk Transport A/S v. International Marine Terminals Partnership, 520 F.3d 409, 412 (5th Cir. 2008).  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. Id.

Additionally, the Court must review all evidence in the light most favorable to the non-moving party. Piazza's Seafood World, 448 F.3d at 752.  Factual controversies must be resolved in favor of the non-moving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Murungi v. Xavier Univ. of La., 313 Fed. App'x. 686, 688 (5th Cir. 2008) (unpubl.) (citing Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).  Thus, "in the absence of proof," the court cannot "assume that the nonmoving party could or would prove the necessary facts." Little, 37 F. 3d at 1075.  Finally, "a court should not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment." Chacon v. Copeland, 577 Fed. App'x. 355, 360 (5th Cir. 2014) (unpubl.) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)) (internal quotations omitted).

### C. Premises Liability

In order to prove premises liability, the plaintiff must establish: "(1) actual or constructive knowledge of a condition on the premises by the owner or occupier; (2) that the condition posed an unreasonable risk of harm; (3) that the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4) that the owner's or occupier's failure to use such care proximately caused the plaintiff s injury." Pay and Save, Inc. v. Martinez, — S.W.3d —, —, 2014 WL 7011799, *2 (Tex. App.-El Paso 2014) (citing CMH Homes, Inc. v. Daenen, 15 S.W.3d 97, 99–100 (Tex. 2000)).

5

To establish knowledge, the plaintiff must show that: (1) the defendant placed the dangerous condition on the floor; or (2) the defendant actually knew that the dangerous condition was on the floor; or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it. Pay and Save, 2014 WL 7011799, *2 (citing Wal–Mart Stores, Inc. v. Reece, 81 S.W.3d 812, 814 (Tex. 2002)).

### D. Negligence

"To prevail on a common law negligence claim, a plaintiff must be able to prove three elements: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damage proximately caused by the breach." Gann v. Anheuser-Busch, Inc., 394 S.W.3d 83, 88 (Tex. App. 2012).

## III. Analysis

As the plaintiff, Carter has the burden of proving her claims at trial. Strunk v. Belt Line Road Realty Co., 225 S.W.3d 91 (Tex. App.–El Paso 2005). Accordingly, Carter must show, for purposes of resolving this motion, that there is a genuine dispute of material fact as to each element of her claim. Norwegian Bulk Transport A/S, 520 F.3d at 412.

Carter has pled claims for premises liability and general negligence. The Court will address each of these issues in turn.

### A. Premises Liability

Carter has asserted a claim of premises liability, namely, that the substance that she slipped on was a dangerous condition that Burlington had the duty to remedy.

In order to defeat the premises liability claim, Carter is required to point to record evidence reflecting: that the substance posed an unreasonable risk of harm; that Burlington knew or should have known about the danger; that Burlington failed to reduce or eliminate the risk; and that this failure proximately caused Carter's injury. Pay and Save, 2014 WL 7011799, *2.

6

Neither party challenges the existence of a genuine dispute of material fact as to whether the substance posed an unreasonable risk of harm; or whether Burlington failed to reduce or eliminate the risk; or whether the substance proximately caused Carter's injury. The sole issue raised in the motion for summary judgment – here – and the sole issue before the Court, is whether Burlington knew or should have known about the danger.  Accordingly, the Court will focus the analysis on that issue.

To establish the second element – notice – Carter must show that Burlington: (1) put the substance on the floor; or (2) knew that the substance was on the floor; or (3) that the substance had been on the floor long enough for Burlington to have had a reasonable opportunity to discover it and remedy the situation. Pay and Save, 2014 WL 7011799, *2.

Carter has never asserted that Burlington employees placed the substance on the floor or that any Burlington employee had actual knowledge of the substance.  Accordingly, the Court will focus its attention upon whether there is evidence that the substance had been on the floor long enough for Burlington to have a reasonable opportunity to discover it.

"Temporal evidence, the length of time that the dangerous condition existed, provides the best indication of whether the [defendant] had a reasonable opportunity to discover a dangerous condition." Coward v. H.E.B., Inc., 2014 WL 3512800, *4-5 (Tex. App.-Houston [1 Dist.] 2014) (unpubl.).  Indeed, "[t]emporal evidence is necessary for the fact-finder to conclude that the store owner had an opportunity to discover the dangerous condition." Id. (emphasis added).

There is simply no admissible evidence in the record showing, or from which a determination can be made, as to how long the substance had been on the floor.  Carter testified that she did not know where the substance came from; or what it was. Dkt. No. 13-1, pp. 18-22.  She testified that it was a sticky, transparent substance. Id.  Carter's testimony provides no temporal evidence as to how the substance ended up on the floor or how long it had been there.

7

Lamas's testimony that "it appeared that the substance was on the floor for an extended period of time" is merely a conclusion recast as a fact. She provides no factual support for this conclusion; nor does she point to any basis in the record, supporting this conclusion. A witness may only testify as to evidence that is within his or her personal knowledge. FED. R. CIV. P. 56(c)(4). It is not enough that a witness include boilerplate language that the conclusion is based on personal knowledge; "the affiant must provide the district court with sufficient information to allow the latter to conclude that the affiant's assertions are indeed based on such knowledge." Meadaa v. K.A.P. Enterprises, L.L.C., 756 F.3d 875, 881 (5th Cir. 2014). Lamas does not provide any factual temporal evidence that permits the Court to conclude that her assertion is based on personal knowledge.

Carter also relies on the fact that the substance was only a table length away from the dressing room and the dressing room attendant, to argue that there is evidence of constructive knowledge. This argument is unavailing. The Texas Supreme Court has expressly held that "[a]n employee's proximity to a hazard, with no evidence indicating how long the hazard was there, merely indicates that it was possible for the premises owner to discover the condition, not that the premises owner reasonably should have discovered it." Wal-Mart Stores, Inc. v. Reece, 81 S.W.3d 812, 816 (Tex. 2002) (emphasis original). The fact that the dangerous condition occurred near where an employee was working is not temporal evidence regarding the condition. Id.

Furthermore, Carter's citation to Corbin v. Safeway Stores, Inc., 648 S.W.2d 292 (Tex. 1983), is similarly unavailing. In Corbin, the plaintiff slipped on a grape in the produce department of the grocery store. Id. The plaintiff sued on a theory of premises liability and argued that the display – which held the grapes – was the dangerous condition, because there were no non-slip walkoff mats present to prevent customers from slipping on grapes and because the bin was slanted in a way that caused grapes to fall on the floor. Id. In Corbin, the plaintiff argued that the store was aware of the ongoing dangerous condition posed by the display, even if the store did not have constructive knowledge of the specific grape that

plaintiff slipped on. Id.  The Texas Supreme Court held that, with such facts, the plaintiff could proceed on his premises liability claim. Id.

Unlike the plaintiff in Corbin, there is no evidence that Burlington created a situation which produced the dangerous condition.  Indeed, there is no evidence that the substance was on the floor as the result of any actions by Burlington employees.  Thus, Corbin does not provide any support for Carter's position.

There is no temporal evidence in the record concerning how long the substance, that Carter slipped on, had been on the floor.  Given that temporal evidence is a necessary predicate to showing constructive notice, this failure precludes a genuine dispute of material fact as to this element of premises liability.

Because Carter cannot sustain her burden to show that Burlington had a reasonable opportunity to discover the dangerous condition, she has failed to meet an essential element of her claim.  Furthermore, because there is no evidence that Burlington should have known about the condition, there is similarly no evidence to show that Burlington acted unreasonably in failing to reduce or eliminate the risk.  For these reasons, Burlington is entitled to summary judgment as to the premises liability claim.

### B. Negligence

Furthermore, it seems clear that Carter cannot maintain a negligence claim against Burlington.[3]  "A litigant may maintain causes of action for both general negligence and premises liability, but under the general-negligence theory of recovery, the claimant's injury must result from the defendant's [affirmative] contemporaneous activity." Mangham v. YMCA of Austin, Texas-Hays Communities, 408 S.W.3d 923, 929 (Tex. App. 2013) (internal citations omitted).  "Negligent activity and premises liability are both within the scope of negligence, but negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises

---

[3] While it is not clear that Carter intended to file a general negligence claim – Dkt. No. 1-2, p. 3 – such a claim can be addressed fairly summarily, and is addressed in that fashion here.

9

liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." Id. (internal quotations omitted).

There is no evidence in the record of any affirmative, contemporaneous conduct by Burlington or its employees that caused Carter's injuries.  Carter's claims all sound in premises liability – that she slipped on the floor because Burlington failed to take steps to protect her from danger.  Accordingly, the negligence claim should be barred as a matter of law.  Burlington is entitled to summary judgment on this claim.

## IV. Recommendation

It is recommended that Burlington's motion for summary judgment be granted, Dkt. No. 13.

It is further recommended that judgment be entered for Burlington as to all of Carter's claims and that Carter take nothing, with each party responsible for its own fees and costs.

### A. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge.  28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009).  Failure to file timely objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice.  See § 636(b)(1); Thomas v Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on October 12, 2017.

_____
Ronald G. Morgan
United States Magistrate Judge